PEOPLE ex rel. QUARANTO v. MOYNAHAN, City Collector.

(Supreme Court, Appellate Division, Second Department.   January 19, 1912.)

1. TAXATION (§ 341*)—ASSESSMENT—LAND OF DIFFERENT OWNERS—ASSESSMENT TOGETHER.

Under the Greater New York charter (Laws 1901, c. 466), the assessment of an owner's unimproved land with other lands to which he has no title, all located, as shown on the assessment maps, in a single lot, under the designation of the single lot number, is valid.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 341.*]

2. TAXATION (§ 696*)—REDEMPTION FROM TAX SALES—STATUTORY PROVISIONS.

The right of redemption from tax sales exists only as permitted by statute, and can be exercised only as the statute prescribes.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1393; Dec. Dig. § 696.*]

Appeal from Special Term, Kings County.

Mandamus by the People of the State of New York, on the relation of Gaetano Quaranto, against Daniel Moynahan, as Collector of Assessments and Arrears of the City of New York. From an order granting a peremptory writ, defendant appeals.   Reversed.

Argued before JENKS, P. J., and BURR, CARR, WOODWARD, and RICH, JJ.

James D. Bell (Sanders Shanks, on the brief), for appellant.
James A. Sheehan, for respondent.

JENKS, P. J.   This is an appeal from an order of the Special Term that grants a peremptory writ of mandamus to the collector of assessments and arrears of the city of New York "to vacate and set aside the record of the transfer of tax lien No. 2,219, and to cause the taxes for the years 1903 to 1908, inclusive, against lot 24, section 5, block 1,330, on the assessment map of the borough of Brooklyn, and the assessment for the opening and acquisition of New York avenue against said lot, to be apportioned so that the fair and just proportion thereof chargeable against the land of" the relator "shall be ascertained and determined and entered upon the books and records in the office of said collector, and further commanding the said collector to accept payment of such sum so apportioned, and upon receipt of such payment to mark the same paid upon all the records and books of said collector's office, and to deliver to the said" relator, "or his authorized attorney, full and proper receipts for such payment."

The petition of the relator shows that he owns in fee land in the borough of Brooklyn and city of New York, which in and during the years 1903 to 1908 was designated as lot 24 in section 5, block 1,330, on the assessment map of that borough; that during this period the said lot included in its boundaries other lands not owned by the petitioner, but by strangers in title; that there was not during said period, and never has been, erected any building, pier, or other structure partly upon the relator's land and partly upon any other part of said lot; that in the assessment rolls of the said borough for the said years the said lands of the relator were assessed with other lands, not owned by the relator, under the designation of lot 24, section 5, block 1,330; that the assessors "attempted to impose a tax upon the lands" of relator, "and which tax so imposed was in form against the whole of said lot 24"; that in May, 1905, the said lands were assessed in the opening and acquiring of New York avenue from Malbone street to Church avenue in the sum of $45.67; that on September 21, 1910, the city of New York claimed to have a tax lien against the said lot 24 for the said alleged taxes for 1903 to 1908, inclusive, as also a lien for said unpaid assessments; that on that day the collector of assessments and arrears attempted to sell the said lien to Gautier for $218; and that the said collector has executed and delivered a certificate of transfer of said alleged tax lien to Gautier. And petitioner further shows that the tax was invalid, in that the assessment of the lands of the relator with the lands to which he held no ownership or title "under a single designation of lot number was in violation of the provisions of the tax law and of the charter of the city of New York"; that the alleged transfer of tax lien was invalid, void, and ineffectual, in that the collector was not authorized by law to offer for sale a lien for taxes imposed upon the lands of the relator, based upon an assessment in which the lands of affiant and the lands of other owners or persons were commingled, and that the collector was not authorized to transfer a lien in part asserted against lands owned by other persons under a single designation of lot number; that the relator has applied to the collector for vacation and setting aside the alleged transfer of lien, and for an apportionment of the alleged lien against his lands, and has offered to pay and discharge any sum which could justly be charged against his lands, but said collector has declined and refused to grant the application.

[1] We think, for the reasons stated in People ex rel. Lazarus v. Feitner, 65 App. Div. 318, 73 N. Y. Supp. 97, affirmed 169 N. Y. 604, 62 N. E. 1099, that the tax and assessment were valid and became valid liens. If so, then in any event the relator is not entitled to the remedy invoked. People ex rel. Andrews v. McGuire, 126 N. Y. 419, 27 N. E. 967.

[2] The appellant points out that, while the right of a property owner to redeem from a sale is assured by section 1032 of the Greater New York charter, the right is not extended to redemption of a part of the premises, and stress is laid upon the possible hardship which may follow. The right of redemption exists only as permitted by statute, and it can be exercised only as the statute may prescribe. Levy

v. Newman, 130 N. Y. 11, 28 N. E. 660; Keely v. Sanders, 99 U. S. 441–445, 25 L. Ed. 327. Whatever the hardship, courts cannot, under the guise of construction or interpretation, attempt legislation as a cure thereof. In this particular case the hardship of the present may be ascribed to neglect in the past. The relator acquired the lot in 1900. He could have discharged his proper proportionate part of the tax by application to the comptroller, pursuant to section 920 of the Greater New York charter, and he could have obtained similar relief as to the assessment under section 1021 of that act.

The order is reversed, with $10 costs and disbursements, and the motion is denied, with $10 costs.

BURR, WOODWARD, and RICH, JJ., concur. CARR, J., concurs upon the last ground stated in the opinion.