In the Matter of the Application of the CITY OF NEW YORK, Respondent, for Appointment of the Treasurer of such City as Receiver of the Rents and Profits of Real Property Known as 801–815 East New York Avenue in the Borough of Brooklyn. AGNES V. CANNON, Intervener, Appellant.

Argued February 23, 1943; decided April 15, 1943.

*Raphael H. Weissman* and *David Weiss* for appellant.

*Thomas D. Thacher, Corporation Counsel* (*Leo Brown, Julius Isaacs* and *Meyer Scheps* of counsel), for respondent.

LOUGHRAN, J. This case presents questions as to the constitutional validity of chapter 668 of the Laws of 1941 which added to the Administrative Code of the City of New York (L. 1937, ch. 929) a new section as follows:

" § 415(1)-53.3. *Additional method to enforce payment of transfer of tax liens held by city.*—a. In addition to any other remedy or procedure provided by law, whenever the city is the owner or holder of a transfer of tax lien, the city, upon application *ex parte* to the supreme court, shall be entitled to the immediate appointment of the treasurer [of the city] as receiver of the rents, issues and profits of the property affected by such transfer of tax lien. The corporation counsel shall act as attorney and counsel for the treasurer and all property for which the treasurer acts as receiver shall be managed by the bureau of real estate of the board of estimate under the direction of such board. The treasurer, the corporation counsel and the bureau of real estate shall act without payment of any fees or other compensation with respect to such property.

" b. The treasurer acting as receiver pursuant to this section shall serve without any additional bond and shall collect the accrued and accruing rents, issues and profits thereof and apply such rents, issues and profits in satisfaction of such unpaid taxes, assessments, water rents, penalties and interest and the costs and charges of the administration of the receivership. The treasurer, acting as receiver, shall also have the same powers as receivers who are appointed in actions to foreclose a mortgage on real property, and such other and further powers as may be ordered by the court.

" c. When such unpaid taxes, assessments, water rents, penalties, interest, costs and charges are paid in full, the receiver shall be discharged after payment of the surplus moneys, if any, to the owner.

" d. In any action or proceeding under this section, the amounts shown on the city collector's books shall be *prima facie*

evidence of the unpaid balance of such taxes, assessments, water rents, penalties and interest.

" § 2. This act shall take effect immediately and shall remain in effect for a period of five years."

Pursuant to the jurisdiction so conferred, Special Term on March 12, 1942, granted an *ex parte* application of the treasurer of the city for his appointment as receiver of the rents, issues and profits of a tax delinquent property at 801-815 East New York Avenue in the Borough of Brooklyn. Asserting the unconstitutionality of the statute, the owner of the property moved the court to vacate its order of receivership and, upon denial of that motion, brought this direct appeal. (See Civ. Prac. Act, § 588, subd. 3, now § 588, subd. 4, as enacted by L. 1942, ch. 297.)

The provision authorizing appointment of a receiver without notice is the subject of attack. It is contended that due process is thereby denied. Though the answer is an old one, some restatement thereof may perhaps be opportune.

State taxation in its various forms must meet the procedural requirements of due process. (*Stuart* v. *Palmer,* 74 N. Y. 183.) But the necessity of notice and hearing is not the same thing in all cases. When specific taxes are imposed upon persons, property or things (*e. g.,* poll taxes and flat license taxes), the taxpayer can gain nothing through notice or hearing and none need be afforded. (*Hagar* v. *Reclamation District No. 108,* 111 U. S. 701; *People ex. rel. Scott* v. *Pitt,* 169 N. Y. 521.) On the other hand—"A taxing act, which requires a valuation of property as part of the procedure, is unconstitutional unless it provides a grievance day, or an adequate opportunity to be heard and any tax levied under such a statute is void." (*People ex rel. Bridgeport Sav. Bank* v. *Feitner,* 191 N. Y. 88, 100. Cf. *Second Nat. Bank* v. *City of New York,* 213 N. Y. 457.) Even so, a hearing before a judicial tribunal has never been deemed indispensable. (*Matter of Trustees of N. Y. P. E. Public School,* 31 N. Y. 574.) Grievances are usually adjudicated by tax officers and statutory indication of the time and place of their sessions is all in the way of notice that may be demanded in the name of due process. (*Hagar* v. *Reclamation District No. 108,* 111 U. S. 701; *Pittsburgh C., C. & St. L. Ry. Co.* v. *Backus,* 154 U. S. 421; *McLaughlin* v. *Miller,* 124 N. Y. 510; 2 Cooley on Constitutional

Limitations [8th ed.] 1048. Cf. *Matter of Common Council of City of Amsterdam,* 126 N. Y. 158.) The sections of the municipal Charter under which taxes are levied upon real estate in the city of New York more than satisfy the taxpayer's right to such notice and chance to be heard at some stage before the charge becomes an absolute lien upon his property. (New York City Charter [1938], ch. 7. See *Palmer* v. *McMahon,* 133 U. S. 660, 669.)

Once a taxpayer has been thus protected the due process clauses are not offended by summary statutory remedies for collection of ordinary taxes. (3 Cooley on Taxation [4th ed.] § 1113) "The collection of such taxes, after they are assessed, is a purely administrative act. No constitutional right of the taxpayer is invaded when the assessment is collected by forcible process, any more than when a judgment is forcibly collected." (Gray, Limitations of the Taxing Power, p. 581.) From time immemorial such short procedures were accepted by our ancestors as not less than essential to the existence of a strong government. (*Matter of McMahon* v. *Palmer,* 102 N. Y. 176, 189.) Modes of collection more stringent than the receivership process here in question have accordingly been sanctioned by this court. (*Hersee* v. *Porter,* 100 N. Y. 403; *Prentice* v. *Weston,* 111 N. Y. 460; *Matter of Western Electric Co.* v. *Taylor,* 276 N. Y. 309.)

Stress is laid by the appellant-taxpayer on the retroactive effect of the statute. As to this, we think it sufficient to observe that a new remedy for the collection of taxes may validly be made applicable to taxes theretofore delinquent. (See *League* v. *Texas,* 184 U. S. 156; *Phillips* v. *Commissioner of Internal Revenue,* 283 U. S. 589, 601; *Matter of Trustees of N. Y. P. E. Public School,* 31 N. Y. 574, 584, 585; *City of New York* v. *Appleby,* 219 N. Y. 76.)

In brief, the challenged provision of section 415(1)-53.3 of the Administrative Code constitutes due process of law under our Constitutions.

The order should be affirmed, with costs.

LEHMAN, Ch. J., FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Order affirmed.