CITY OF NEW ROCHELLE, Respondent, *v.* ECHO BAY WATERFRONT CORPORATION, Appellant.

Second Department, July 3, 1944.

*Albert Ritchie* for appellant.

*Aaron Simmons, Corporation Counsel (Francis S. Claps* of counsel), for respondent.

HAGARTY, J. This action was instituted by the plaintiff pursuant to the provisions of article VII-A, title 3, of the Tax Law. The defendant is the owner of real property burdened with tax liens, and attacks, by way of defense, the constitutionality of the cited statute, which is captioned " FORECLOSURE OF THE TAX LIEN BY ACTION IN REM."

The substance of the main provisions of the statute is set forth in the opinion of MOREHOUSE, J., in *City of Utica* v. *Proite* (178 Misc. 925, affd. 288 N. Y. 477). In general, the statute provides for the summary foreclosure of tax liens unpaid for a period of more than four years. The action is initiated by the filing of a verified list, containing a description of the property and which has the force and effect of a complaint, in the office of the county clerk, notice of which is afforded by posting, publication in two newspapers for six successive weeks and mailing to the last known address of the owner, all of which was complied with by plaintiff in the case at bar. The answer contains numerous defenses which serve, however, only to present questions of law, principally that of constitutionality.

The first of two alleged procedural defects is that the filed list of delinquent taxes fails to set forth by appropriate alle-

gation the enactment by plaintiff of a resolution electing to adopt title 3. (See Tax Law, § 162, subd. 1.) Defendant relies upon the rule that where one seeks to maintain an action under a statute, his complaint must allege every fact requisite to enable the court to judge whether he has a cause of action arising under the statute. (*Austin* v. *Goodrich*, 49 N. Y. 266, 267–268.) An appropriate allegation must appear in the complaint when a statute, expressly or impliedly, requires it as an element of an action. (*People ex rel. Rogers* v. *Spencer*, 55 N. Y. 1, 4; *Reining* v. *City of Buffalo*, 102 N. Y. 308.) That the Legislature did not exact such a requirement in an action prescribed by title 3 is clearly evidenced by the form of complaint which it prescribed. (Tax Law, § 165-a.)

The second alleged procedural defect is urged in a two-fold attack upon the resolution which plaintiff adopted, namely, that it is violative of plaintiff's charter provisions (see Local Laws, 1932, No. 1 of City of New Rochelle) requiring (1) a hiatus of thirty days between passage and date of effect and (2) publication " in such manner as the council may determine." The resolution was adopted on November 20, 1939, to take effect immediately, and the proceeding was instituted by the filing of the list on May 1, 1941. The charter provisions do not serve to render it invalid. The resolution relates to an administrative matter (*City of New York* [*801–815 E. New York Ave.*] 290 N. Y. 236, 241; *Matter of Trustees N. Y. P. E. Pub. School*, 31 N. Y. 574, 579), as to which the charter provides that a resolution " shall take effect at the time indicated therein." Even if the provision as to a thirty-day period could be invoked, its consequence would be merely to delay the effectiveness of the resolution for that period. (2 McQuillin on Municipal Corporations [Rev. 2d ed.] § 702, p. 734.) The provision as to publication was merely directory. (2 Dillon on Municipal Corporations [5th ed.] § 603, p. 945; *The People* v. *Supervisors of Ulster*, 34 N. Y. 268, 272; *Cherubino* v. *Meenan*, 253 N. Y. 462, 467) rather than mandatory by reason of statutory language (*Westbrook* v. *Willey*, 47 N. Y. 457; *Austin* v. *De Volt*, 251 App. Div. 58, 61; *Matter of Pressel* v. *Ferris*, 148 Misc. 910) or status as a condition precedent. (*In re the Petition of George Douglass*, 46 N. Y. 42; *In the Matter of Smith*, 52 N. Y. 526; *In Matter of Petition of Burmeister*, 76 N. Y. 174; *Matter of City of Long Beach* v. *P. S. Comm.*, 249 N. Y. 480, 492; *Matter of Levy*, 4 Hun 501, affd. 63 N. Y. 637.)

The chief contention of those who have attacked the constitutionality of title 3 is that its provisions for notice are insuffi-

cient to constitute due process. It is settled law, however, that indirect notice is sufficient to persons interested in real property which is in default in payment of taxes. " The land stands accountable to the demands of the State, and the owners are charged with the laws affecting it and the manner by which those demands may be enforced. (*Huling* v. *Kaw Valley Railway*, 130 U. S. 559.) This accountability of the land and the knowledge the owners must be presumed to have had of the laws affecting it is an answer to the contention of the insufficiency of the service." (*Ballard* v. *Hunter*, 204 U. S. 241, 254–255.) " All persons are charged with knowledge of the provisions of statutes and must take note of the procedure adopted by them; and when that procedure is not unreasonable or arbitrary there are no constitutional limitations relieving them from conforming to it. This is especially the case with respect to those statutes relating to the taxation or condemnation of land. Such statutes are universally in force and are general in their application, facts of which the land owner must take account in providing for the management of his property and safeguarding his interest in it. Owners of real estate may so order their affairs that they may be informed of tax or condemnation proceedings of which there is published notice, and the law may be framed in recognition of that fact. In consequence, it has been uniformly held that statutes providing for taxation or condemnation of land may adopt a procedure summary in character, and that notice of such proceedings may be indirect, provided only that the period of notice of the initiation of proceedings and the method of giving it are reasonably adapted to the nature of the proceedings and their subject matter and afford to the property owner reasonable opportunity at some stage of the proceedings to protect his property from an arbitrary or unjust appropriation." (*North Laramie Land Co.* v. *Hoffman*, 268 U. S. 276, 283.) " Once a taxpayer has been thus protected [by notice and an opportunity to be heard with respect to imposition of taxes] the due process clauses are not offended by summary statutory remedies for collection of ordinary taxes." (*City of New York [801–815 E. New York Ave.]*, 290 N. Y. 241, *supra.*)

The constitutionality of a procedure strikingly similar to that set forth in title 3 was upheld in *Winona & St. Peter Land Co.* v. *Minnesota* (159 U. S. 526), as was the procedure outlined in other analogous statutes. (*Hagar* v. *Reclamation District No. 108*, 111 U. S. 701; *Leigh* v. *Green*, 193 U. S. 79; *Longyear* v. *Toolan*, 209 U. S. 414.)

In this State, the adjudications upholding the constitutionality of title 3 find primary support in the authority of *City of Buffalo* v. *Hawks* (226 App. Div. 480, affd. 251 N. Y. 588). There, the charter of plaintiff provided a summary method of foreclosing tax certificates of sale, notice consisting primarily of publication of the summons and notice of object of the action, with a brief description of the affected property, as here, once a week for six successive weeks. The constitutionality of title 3 was upheld in *City of Utica* v. *Proite* (178 Misc. 925, affd. 288 N. Y. 477, *supra*) on the authority of *City of Buffalo* v. *Hawks* (*supra*), the contentions of defendant there being, as set forth in the opinion by MOREHOUSE, J., at the Oneida Special Term: '' She alleges that the manner of giving notice is inadequate, and points out that the method under which the foreclosure is accomplished is without personal service of any process upon the owner or the holder of a lien against the property; that there is no provision for the mailing of a notice to the correct address of the owner, and in some instances the mailing of any notice is not required. She attacks the failure to require the posting of a notice upon the premises involved, and insists that there is no protection of the rights of infants and incompetents, and that mortgagees and lienors are not entitled to any notice unless they have taken affirmative action by filing the prescribed statement of their interests, and that even under such circumstances failure to mail a notice to such persons does not, under the statute, affect the validity of the proceedings.''

We upheld the constitutionality of title 3 on the authority of the *Proite* case (*supra*) in *Matter of City of New Rochelle* [*Re Foreclosure of Tax Liens*] (264 App. Div. 867). In *Lynbrook Gardens, Inc.,* v. *Ullmann* (265 App. Div. 859, revd. 291 N. Y. 472) the parties tested the constitutionality of title 3 in the same manner as in *City of Utica* v. *Proite* (*supra*), namely, by means of an action by a vendor to compel the vendee by specific performance to accept a deed. In effect, this court upheld the constitutionality of the statute where delinquency in taxes existed but regarded the notice as insufficient with respect to a property not incumbered by delinquent tax liens. (See *Bryan* v. *McGurk,* 200 N. Y. 332.) The reversal by the Court of Appeals was on the ground that title of the vendor was open to serious challenge.

In the case at bar, there is no claim or defense that the alleged delinquent taxes have in fact been paid. Thus, the defaults are admitted. Instead, the defendant sets forth nineteen so-called

" Factors in this case " which " require peculiar considera-
tion." The gist of these is that a property owner may lose
his property under this statute where an improvement has been
made which was not obvious, such as the laying of a sewer,
resulting in an unpaid assessment of more than four years'
standing, and that the action could be successfully prosecuted
merely by identifying the property in the list by serial num-
ber amidst hundreds of other items. These so-called factors
mix fact and fancy and are advanced under the general theory
that " the constitutional validity of law is to be tested, not by
what has been done under it, but by what may, by its authority,
be done." (*Stuart* v. *Palmer*, 74 N. Y. 183, 188.) Thus, in this
case, defendant's answer admits " * * * the tax liens herein
sought to be foreclosed are not only for annual taxes but for
other legal charges such as special or local assessments which
are or may have been imposed unlawfully and without due
notice to the owner or others interested in the property involved,
and the defendant is deprived of the rights and remedies guaran-
teed under the Constitution of the United States and the Con-
stitution of the State of New York, and of the rights and rem-
edies to vacate and set aside or otherwise challenge such
charges or special assessments." The affected parcels were
described in the list not merely by serial number but by sec-
tion, block and lot numbers. There is no denial of the aver-
ments in the moving affidavit that by means of such identifica-
tion a person desiring to ascertain whether a parcel was included
within the list could do so within forty-five minutes.

Defendant, in indulging in citation of remote contingencies
which are contrary to the facts in this case, overlooks section
166-l of the Tax Law, reading: " The powers granted and
the duties imposed by this article and the applicability thereof
to any persons, tax districts or circumstances shall be construed
to be independent and severable and if any one or more sections,
clauses, sentences or parts of this act, or the applicability
thereof to any persons, tax districts or circumstances shall be
adjudged unconstitutional or invalid, such judgment shall not
affect, impair or invalidate the remaining provisions thereof
or the applicability thereof to other persons, tax districts or
circumstances, but shall be confined in its operation to the
specific provisions so held unconstitutional and invalid and to
the persons, tax districts and circumstances affected thereby."

If the statute, generally, is constitutional, the test, therefore,
is whether it is unconstitutional on the particular facts pre-
sented. It is conceivable that under certain circumstances the

notice provided in title 3 would be regarded as insufficient, e. g. where, as in the second cause of action in the *Ullmann* case (265 App. Div. 859, *supra*), all the taxes had in fact been paid. Taking the facts in this case, as disclosed by the pleadings and the undisputed averments in the moving and supporting affidavits and annexed exhibits, the granting of the motion for summary judgment was required.

Even were it to be assumed that the liens consisted exclusively of unpaid local assessments, it would be incumbent upon defendant to show lack of due process with respect to notice of assessment and an opportunity to be heard. Section 165-g of the Tax Law provides that " It shall not be necessary for the tax district to plead or prove the various steps, procedures and notices for the assessment and levy of the taxes, assessments or other lawful charges," and the lien " shall be presumed to be valid." It further provides that " A defendant alleging any jurisdictional defect or invalidity in the tax or in the sale thereof must particularly specify in his answer such jurisdictional defect or invalidity and must affirmatively establish such defense." There is no showing in this case, by answer or in opposition to the motion for summary judgment, that such assessments were imposed in violation of due process, other than the manifestly insufficient conclusion in the answer which is above quoted. Although RUGER, Ch. J., states in *People* v. *Turner* (117 N. Y. 227, 237) that " A manifest difference exists between the modes of making assessments for local improvements and those providing for annual taxation, and much reason exists why a more formal notice should be given in one case than the other," that authority is not helpful to the defendant. Despite failure of assessors to hold meetings for review of their assessments and to give notice thereof as required by statute, it was there held that sufficient opportunity was afforded an alleged aggrieved taxpayer by reason of a statutory provision that, in case of neglect of assessors, " any person aggrieved by an assessment may appeal to the board of supervisors at their next annual meeting," knowledge of which statute was imputed to the taxpayer. The opinion also states (p. 239) : " It was held in the *Matter of De Peyster* (80 N. Y. 565), that an assessment for the expenses of building a sewer is not invalid because of omission to give to the owners of lots assessed a personal notice that an assessment is to be imposed. The Legislature may prescribe what the notice shall be, and when provision has been made for notice by publication before the final confirmation of the assessment, and an opportunity afforded to make objections

within a time specified, and this has been complied with, no constitutional right of the taxpayer has been violated by such proceeding."

Defendant also argues that the Statute of Limitations fixed by title 3 is so unreasonable as to deprive it of the property without due process. The statute provides that the last day to redeem be fixed not less than seven weeks after the date of the first publication and the time within which an owner may answer is limited to twenty days after the last day for redemption. In support of this contention, defendant cites and quotes from a line of authority having to do, primarily, with the effect of statutes purporting to cure defects in tax procedure, which are not in point, but from which defendant extracts isolated alleged rules of law, viz.: " That a notice which requires a defendant to search a list in a public office is not good "; " A defendant whose possession is undisturbed may rest in reliance upon that possession until it is directly attacked. He is not supposed to be on the lookout for any action that may be begun without justification " and " an owner in possession, actual or constructive, may not be required to take notice of the running of the Statute of Limitations." An examination of the authorities cited discloses that they do not support these and other isolated alleged stark rules of law set forth by defendant and that they deal with facts and statutes which have not even a remote bearing on title 3. (*Cromwell* v. *MacLean,* 123 N. Y. 474; *Gilbert* v. *Ackerman,* 159 N. Y. 118; *Meigs* v. *Roberts,* 162 N. Y. 371; *People* v. *Ladew,* 189 N. Y. 355; *People ex rel. McGuinness* v. *Lewis,* 127 App. Div. 107; *Russell* v. *Di Furia,* 83 Misc. 169.)

The limitation period is not unreasonably short in the light of the fact that the tax liens have been in default for more than four years and that prior to the limitation period publication had been accomplished over a period of six weeks, in addition to posting and mailing on or before the date of the first publication.

The next contention of defendant is that the statute is unconstitutional in authorizing a conveyance of the title in fee to plaintiff. Subdivision (6) of section 165-h of the Tax Law provides that, where the property is not redeemed and no answer is interposed, the court shall make a final judgment directing conveyance of full and complete title to the tax district. Inasmuch as defendant in the case at bar did answer, it may well be that the judgment should have provided for a sale [subd. (2)] and distribution of surplus, if any. Defendant, however, does not contend that the court committed error in directing title

in fee simple to be conveyed to plaintiff. It limits its contention to that of unconstitutionality of the statute, viz.: " We will assume for the purpose of discussing this point that the judgment was taken as by default, but we claim that the provision of the act purporting to entitle the plaintiff to a deed of the fee simple absolute and forever barring the defendant's right of redemption is void."

Defendant argues that there is no suggestion in the prescribed notice (Tax Law, § 165-b) that a default would result in a conveyance of absolute title. It overlooks this concluding sentence: " In the event of failure to redeem or answer by any person having the right to redeem or answer, such person shall be forever barred and foreclosed of all his right, title and interest and equity of redemption in and to the parcel described in such list of delinquent taxes and a judgment in foreclosure may be taken by default." Moreover, the last sentence of the statement which the statute requires to be mailed to the last known address of the property owner of record provides: " Unless the taxes and assessments and all other legal charges are paid, or an answer interposed, as provided by statute, the ownership of said property will in due course pass to " the municipality foreclosing " as provided by the tax law of the state of New York." The considered authority makes it clear that knowledge of the statute itself is imputed to the defaulting property owner. The right of redemption exists only as permitted by statute (*People ex rel. Quaranto* v. *Moynahan,* 148 App. Div. 744, 746, affd. on opinion below 205 N. Y. 590) and under such conditions as the statute may attach. (*Keely* v. *Sanders,* 99 U. S. 441, 445–446; *Levy et al.* v. *Newman,* 130 N. Y. 11, 13.)

The final contention of defendant is that the statute deprives it of its constitutional right to trial by jury. A defendant is not entitled to a trial by jury in a foreclosure action (*Di Menna* v. *Cooper & Evans Co.,* 220 N. Y. 391; *Jamaica Savings Bank* v. *M. S. Investing Co.,* 274 N. Y. 215); summary statutory remedies are not unconstitutional (*City of New York [801–815 E. New York Ave.],* 290 N. Y. 241, *supra*) and no issue was presented for trial.

The order and judgment should be affirmed, with ten dollars costs and disbursements.

CLOSE, P. J., CARSWELL, ADEL and ALDRICH, JJ., concur.

Order and judgment of the County Court of Westchester County unanimously affirmed, with ten dollars costs and disbursements.