When the respondent conveyed the premises to appellants, rents had been collected by the receiver. By statute, section 94 of the Tax Law, those rents were applicable to the payment of arrears in taxes. Both respondent and appellants knew that the receivership was a “ forcible process ” for collecting the unpaid taxes (cf. Matter of City of New York [801-815 E. New York Ave.], 290 N. Y. 236, 241), and that the receiver was bound to apply all the rents then in his possession, or thereafter obtained by him, to the discharge of the unpaid liens. The receiver could not, and the parties did not as between themselves by agreement, free the rents collected during respondent’s ownership, from the right of the collector of taxes to have them paid over. When appellants or their grantees paid the liens of record, they were not volunteers. They had the right to pay the unpaid taxes, *1057 Without such payment they could not end the receivership. Not until they made the payment was there a surplus in the receiver’s hands. Payment by the appellants and their grantees was a permitted performance by them of an obligation of the receivership. The appellants, with the assignment of the rights of their grantees, are entitled to the surplus. Johnston, Acting P. J., Adel, Sneed, Wenzel and MacCrate, JJ., concur.