CITY OF NEW YORK, Plaintiff, *v.* BERTHA FEIT, Defendant.

Supreme Court, Special Term, Kings County, December 21, 1951.

*Denis M. Hurley, Corporation Counsel (Harry E. O'Donnell, Meyer Scheps* and *Isadore W. Sparer* of counsel), for plaintiff.

*Abraham Feit* for defendant.

WALSH, J. The City of New York moves for an order pursuant to subdivision 6 of rule 113 of the Rules of Civil Practice, striking out the two answers of the defendant, Bertha Feit, and awarding summary judgment to the plaintiff, and for a further order granting judgment to the city on the pleadings pursuant to rule 112.

This is an action in rem to foreclose unpaid tax liens pursuant to the provisions of title D of chapter 17 of the Administrative Code of the City of New York (L. 1948, ch. 411, eff. July 1, 1948) affecting section 14 of the Tax Map of the County of Kings. As required by said statute, this action in rem was instituted by the filing of a verified list of delinquent taxes in the office of the Clerk of the County of Kings on June 25, 1951. Notices of foreclosure were posted, mailed and advertised, in accordance with the provisions of the Administrative Code. The notice of foreclosure fixed August 22, 1951, as the last date to redeem and September 11, 1951, as the last date to answer.

The defendant, Bertha Feit, the owner of two parcels of property included in this action, which were encumbered with unpaid tax liens for over four years, interposed separate answers affecting each of the two parcels. Each of the answers contained, in addition to the usual general denials, two separate affirmative defenses, the first that title D of chapter 17 of the Administrative Code is unconstitutional in that it does not provide for a judicial sale and that it deprives owners of their property without due process of law and the second, by way

of counterclaim to recover for the reasonable use and occupation of defendant's property by the City of New York in storing thereon vehicles and other equipment of its department of sanitation.

Considering first the objections raised by defendant with respect to the procedure upon this motion, it seems to me that upon the record herein neither summary judgment under rule 113 of the Rules of Civil Practice nor judgment on the pleadings under rule 112 can be granted for the reasons:

1. That the moving affidavit fails to set forth that the plaintiff believes that there is no defense to the action, in accordance with the requirements of rule 113 (*Universal Credit Co.* v. *Uggla,* 248 App. Div. 848); and

2. That plaintiff has failed to reply to defendant's counterclaim (*United States Trust Co.* v. *Hardwood Operating Corp.,* 271 App. Div. 233).

However, if the procedural defects alluded to were not fatal, the position of the opposing defendant cannot be sustained on the merits.

In accordance with the provisions of section D17–5.0 of the Administrative Code of the City of New York, the filing of a verified list of delinquent taxes in the office of the County Clerk, containing the information required in such section, constitutes and has the same force and effect as the filing and recording in such office of an individual and separate notice of pendency of action and as the filing in the Supreme Court of such county of an individual and separate complaint by the city against the real property therein described to enforce the payment of delinquent taxes. It is also important to note that section D17–11.0 of the Administrative Code provides as follows: " § D17–11.0 *Presumption of validity.* It shall not be necessary for the city to plead or prove the various steps, procedures and notices for the assessment and levy of the taxes, assessments or other lawful charges against the lands set forth in the list of delinquent taxes and all such taxes, assessments or other lawful charges and the lien thereof shall be presumed to be valid. A defendant alleging any jurisdictional defect or invalidity in the tax or in the sale thereof must particularly specify in his answers such jurisdictional defect or invalidity and must affirmatively establish such defense. The provisions of this title shall apply to and be valid and effective with respect to all defendants even though one or more of them be infants, incompetents, absentees or non-residents of the state of New York." (As added by L. 1948, ch. 411, eff. July 1, 1948.)

Accordingly, the mere general denials contained in each answer are ineffective to raise a triable issue. Neither defendant's answer nor the affidavits read in opposition to the instant motion affirmatively allege that the taxes have been paid or that the property was not subject to tax. Under circumstances analogous to the situation presented by the case at bar, the Appellate Division of this department struck out such an answer. (See *Village of Mamaroneck* v. *Miller,* 273 App. Div. 777.)

Although the constitutionality of the provisions of title D of chapter 17 of the Administrative Code of the City of New York now challenged, has not been directly ruled upon by the courts, it is significant to note that the constitutionality of the analogous and almost identical provisions of title 3 of article VII-A of the Tax Law has been upheld in *City of New Rochelle* v. *Echo Bay Waterfront Corp.* (268 App. Div. 182, affd. 294 N. Y. 678; certiorari denied 326 U. S. 720; see, also, *City of Utica* v. *Proite,* 178 Misc. 925, affd. 288 N. Y. 477, cited with approval in the *City of New Rochelle* case, *supra*). In the latter case the City of New Rochelle instituted an action to foreclose tax liens by an action in rem pursuant to article VII-A of the Tax Law. The defendant in its answer challenged the constitutionality of that statute. Plaintiff's motion for summary judgment was granted and upon appeal the judgment was affirmed.

The answer to the particular objection made by the defendant in the instant action with respect to the absence of a statutory provision for a public judicial sale is contained in the opinion of the Appellate Division in the *City of New Rochelle* case, where it was stated, at page 191: " Defendant argues that there is no suggestion in the prescribed notice (Tax Law, § 165-b) that a default would result in a conveyance of absolute title. It overlooks this concluding sentence: ' In the event of failure to redeem or answer by any person having the right to redeem or answer, such person shall be forever barred and foreclosed of all his right, title and interest and equity of redemption in and to the parcel described in such list of delinquent taxes and a judgment in foreclosure may be taken by default.' Moreover, the last sentence of the statement which the statute requires to be mailed to the last known address of the property owner of record provides: ' Unless the taxes and assessments and all other legal charges are paid, or an answer interposed, as provided by statute, the ownership of said property will in due

course pass to ' the municipality foreclosing ' as provided by the tax law of the state of New York.' The considered authority makes it clear that knowledge of the statute itself is imputed to the defaulting property owner. The right of redemption exists only as permitted by statute (*People ex rel. Quaranto* v. *Moynahan,* 148 App. Div. 744, 746, affd. on opinion below 205 N. Y. 590) and under such conditions as the statute may attach. (*Keely* v. *Sanders,* 99 U. S. 441, 445–446; *Levy et al* v. *Newman,* 130 N. Y. 11, 13.) ''

The language of section 165-b of the Tax Law referred to in the above quotation is almost identical with the language of section D17–6.0 of the Administrative Code of the City of New York. The rationale of the cases upholding the constitutionality of article VII-A of the Tax Law is clearly applicable to the provisions of title D of chapter 17 of the Administrative Code of the City of New York, and a fortiori the provisions of the latter statute are valid and the first affirmative defense challenging its constitutionality should be stricken out.

With respect to the second affirmative defense and counterclaim it is sufficient to say that the general rule in this State and throughout the United States is that taxes are not subject to counterclaim or setoff on the part of the taxpayer. The courts as a matter of public policy have applied this principle so that the financial affairs of a municipality may proceed without confusion and delay. The taxpayer is not left remediless but may litigate any claims against the municipality by separate independent proceedings. (See *Village of Charlotte* v. *Keon* 207 N. Y. 346, note 90 A. L. R. 431, 434, and cases cited therein, and 3 Cooley on Taxation [4th ed], § 1248, p. 2481.) Hence, the rules with respect to the propriety of interposing counterclaims or offsets by defendants in actions to foreclose a mortgage cannot be invoked in actions such as the one at bar. In view of the foregoing, the affirmative defense herein is improperly interposed and should be stricken out. While the motion must be denied because of the procedural defects above mentioned, this discussion of the defenses is presented for the guidance of the defendant, Bertha Feit.

Motion is denied. Settle order.