CITY OF NEW ROCHELLE, Respondent, v. MORGAN H. SEACORD, Appellant.— In an in rem action to foreclose tax liens the defendant appeals from so much of an order as granted a motion for partial summary judgment and denied a cross motion to amend the answer, and from part of the judgment entered thereon. Order and judgment, insofar as appealed from, unanimously affirmed, with $10 costs and disbursements. Title 3 of article VII-A of the Tax Law requires the filing annually, by the collecting officer of a tax district, of a list of parcels of property on which tax liens remain unpaid for four years. The filing of the list is equivalent to the filing of a notice of pendency of an action and of the complaint in an action to enforce payment of the taxes. The statute requires notice and publication and posting of notice, and authorizes the service of an answer by any party having an interest in a parcel and a defense to a lien. When, in one year, a list is filed which shows that liens have been unpaid for four years, and in a subsequent year, under the compulsion of the statute, another list is filed which shows additional liens, as well as the ones in the former list, have remained unpaid for four years, the pendency of the action begun by the filing of the first list is no bar to the second action. Therefore, the first complete and the first partial defense in the answer here could not defeat the motion for summary judgment. Neither could the second complete defense. The notice of foreclosure complied with the statute, which has been held to be constitutional. (*City of New Rochelle* v. *Echo Bay Waterfront Corp.*, 268 App. Div. 182, affd. 294 N. Y. 678; *City of New Rochelle* v. *Stevens*, 279 App. Div. 933; *City of New Rochelle* v. *Seacord*, 280 App. Div. 810.) The motion to amend the answer to plead that article VII-A of the Tax Law was unconstitutional was, therefore, properly denied. In the absence of an affidavit stating facts or other proof which would tend to overcome the presumption that the assessment levied in 1930 was valid (Tax Law, § 165-g), summary judgment was properly entered. Carswell, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.