Town of Somers, Respondent, v. Edwin B. Covey, as Committee of the Person and Property of Nora Brainard, an Incompetent, Appellant.— Appeal by the committee of an incompetent from an order of the County Court, Westchester County, denying his motion (1) to open a default in an in rem tax foreclosure brought pursuant to article VII-A of title 3 of the Tax Law; (2) to vacate the judgment of foreclosure entered therein, and (3) to set aside the deed delivered pursuant to the judgment. Order affirmed, without costs. Upon the expiration of the time prescribed by the statute (Tax Law, § 165 et seq.) for redemption and answer, the rights of the parties, in view of the provisions of section 165-a of the Tax Law, became fixed and unalterable. The latter section is in the nature of a Statute of Limitations and precludes the court from extending the time to answer or redeem therein prescribed. (City of Peekskill v. Perry, 272 App. Div. 940; City of New York v. Jackson-140 Realty Corp., 279 App. Div. 668; City of New York v. Lynch, 281 App. Div. 1038, affd. 306 N. Y. 809; Keely v. Sanders, 99 U. S. 441, 445–446; Levy v. Newman, 130 N. Y. 11, 13; People ex rel. Quaranto v. Moynahan, 148 App. Div. 744, 746, affd. on opinion below, 205 N. Y. 590; City of New Rochelle v. Echo Bay Waterfront Corp., 268 App. Div. 182, 191, affd. 294 N. Y. 678, certiorari denied 326 U. S. 720.) Nolan, P.J., Wenzel, MacCrate and Beldock, JJ., concur. Adel, J., dissents and votes to reverse the order and to grant the motion, with the following memorandum: It appears without dispute that the taxpayer was incompetent for many years, to the knowledge of the town officials. Within a few days after the town took a deed to her property for nonpayment of taxes, the taxpayer was adjudicated incompetent and a committee of her person and property appointed. The committee promptly offered to pay the arrears, together with the costs and expenses of foreclosure, and to redeem the property. The property has not been sold by the town, and no rights of third persons are concerned. While it has been held that the provisions of the Tax Law are in the nature of a Statute of Limitations which preclude the court from extending the time to

answer or redeem, I believe that the undisputed facts in this case call for the exercise of the equitable powers of the court by staying the town in its oppressive and unconscionable conduct. The town seeks not payment of the taxes due but profit by reason of the taxpayer's misfortune. [See *post,* p. 1058.]