City of New York, Appellant, *v.* Estelle Stolpensky, Respondent.

Second Department, December 29, 1955.

96

*Peter Campbell Brown, Corporation Counsel* (*Meyer Scheps* of counsel), for motion.

*Samuel M. Rapps* opposed.

MURPHY, J. On May 19, 1952, the City of New York commenced foreclosure of tax liens on a parcel in Brooklyn designated as section 15, block 4843, lot 1 in accordance with title D of chapter 17 of the Administrative Code of the City of New York. Real estate taxes on this parcel were unpaid for the years 1946–47 to 1950–51, inclusive. Title D provides for the filing of a list of delinquent taxes in the office of the appropriate County Clerk as to parcels on which tax liens have been due and unpaid for a period of at least four years. Upon the filing of the list containing prescribed information, the city treasurer is required forthwith to publish a statutory notice of foreclosure. It is then provided (§ D17–6.0): " On or before the date of the first publication of the notice above set forth, *the treasurer shall cause a copy of such notice to be mailed* to the last known address of each owner of property affected thereby, *as the same appears upon the records in the office of the city treasurer,* and in the event that the name or address of such owner does not appear in such records the city treasurer shall so state in an affidavit which shall be filed in the office of the county clerk *and the treasurer shall cause a copy of such notice to be posted* in the office of the treasurer ". (Emphasis supplied.)

After the last day for redemption (July 16, 1952) and on or about October 22, 1952, respondent moved for an order directing the city collector to accept payment of tax arrears with interest and upon said payment to discontinue the action insofar as concerns the parcel. In support of the motion, her father states that " [a]fter " she had purchased the parcel in 1946, he requested the city collector to send notices of tax payments to " Stolpensky, No. 163 East 94th Street, Brooklyn, New York " and that such notices were sent until a payment by him on March 25, 1951. Through clerical error, he asserts, the address was written as " 193 " instead of " 163 ", with the result that all subsequent tax notices and the notice of foreclosure (which he did not receive) were mailed to " 193 ".

Respondent's motion was granted by the order dated November 3, 1952; appellant's motion for reargument was granted by the order dated January 5, 1953, but the original decision was adhered to. We affirmed the order dated January 5, 1953, and dismissed the appeal from the order dated November 3, 1952, stating in our decision, *inter alia*: " It does not appear that a copy of the notice was posted, as is required by the statute, in the event that the address of an owner does not appear upon the records of the treasurer." (286 App. Div. 1027, 1028.)

Notice of foreclosure was, in fact, posted. We are of opinion, on reconsideration, that the code provision requires both publication and posting as to all parcels, irrespective of whether the name and address of " such owner " (§ D17–6.0) appears on the records (cf. *City of New Rochelle* v. *Echo Bay Waterfront Corp.*, 268 App. Div. 182, 184, 186, affd. 294 N. Y. 678, certiorari denied 326 U. S. 720). It follows that the posting was accomplished in conformity with the code provision.

The provisions of title D have been fully complied with herein. The " last known " (§ D17–6.0) address is expressly stated to be that which appears on the record. In any event, there is no claim that any other address was " known ". Accordingly, there is no judicial power to disrupt the statutory proceeding and relieve from default (*City of New York* v. *Nelson*, 309 N. Y. 94; *Town of Somers* v. *Covey*, 283 App. Div. 883, affd. 308 N. Y. 798; *City of New York* v. *Jackson-140 Realty Corp.*, 279 App. Div. 668; *City of Peekskill* v. *Perry*, 272 App. Div. 940).

The owner of tax-delinquent real property is chargeable with knowledge thereof and of the statutory summary foreclosure procedure (*City of New Rochelle* v. *Echo Bay Waterfront Corp.*, 268 App. Div. 182, 186, 191, *supra*). Mailing of notice to a name and address on the records is an incidental

precaution but not an integral part of the notice to be afforded those interested in the parcel, in the light of the code provisions. Failure to mail tax bills shall not invalidate the tax (§ D17–16.0). Sections D17–7.0 and D17–17.0 provide that the owner may file with the city treasurer a notice stating his name, residence and address and that the city treasurer shall mail to such owner forthwith a copy of the notice. Even so (§ D17–7.0), '' [t]he failure of the city treasurer to mail such notice as herein provided shall not affect the validity of any proceeding brought pursuant to this title.'' There is no claim that respondent ever filed any such notice and even if she did a mistake on the part of the city treasurer in mailing notice of foreclosure would not serve to affect the validity of the proceeding. This is consonant with the concept of the summary in rem proceeding, designed to obviate issues of credibility. Where no name or address was on record with the city treasurer, it was immaterial that the name and address was known by the tax department (*Hawley* v. *City of New York,* 283 App. Div. 882). In *City of New York* v. *Lynch* (281 App. Div. 1038, affd. 306 N. Y. 809) relief was denied even though the city had used an outmoded designation in describing the property in the list.

The motion to reargue the appeal should be granted, without costs, and on such reargument, the order dated January 5, 1953, should be modified by striking from the ordering paragraph everything following the words '' said reargument '' and by substituting therefor the words '' the said motion of Estelle Stolpensky be and the same hereby is denied '', and as so modified, the order should be affirmed, without costs. The appeal from the order dated November 3, 1952, should be dismissed, without costs.

Ughetta, J., concurs. Nolan, P. J., concurs in the granting of the motion for reargument of the appeal and, upon such reargument, concurs in result. MacCrate and Beldock, JJ., concur in the granting of the motion for reargument of the appeal and, upon such reargument, concur in the dismissal of the appeal from the order dated November 3, 1952, but dissent as to the modification of the order dated January 5, 1953, and vote to affirm that order without modification.

Motion for reargument of appeal granted, without costs, and on such reargument, order dated January 5, 1953, modified by striking from the ordering paragraph everything following the words '' said reargument '' and by substituting therefor the words '' the said motion of Estelle Stolpensky be,

and the same hereby, is denied '', and as so modified, order affirmed, without costs. Appeal from order dated November 3, 1952, dismissed, without costs. [See 286 App. Div. 1027; *post,* p. 784.]