ROBERT HOGG, Plaintiff, *v.* WILLIAM ALLEN et al., Defendants.

Supreme Court, Westchester County, September 13, 1949.

*Stephen Holden, Jr.,* for plaintiff.

*William R. Condit, Corporation Counsel (William McKinley* of counsel), for the City of White Plains, defendant.

FREDERICK P. CLOSE, Official Referee. This is an action pursuant to article 15 of the Real Property Law to remove an alleged cloud on plaintiff's title. The plaintiff alleges that he is the owner of certain premises described in the complaint by virtue of a deed made by Rupert C. Kuhn and another, to him as grantee and duly recorded on June 1, 1929.

The cloud is alleged to result from a judgment in an in rem proceeding to foreclose certain tax arrears; that this proceeding was instituted by notice bearing date of May 29, 1946, and was defective for the reason that the time to redeem the premises was limited to forty-seven days instead of seven full weeks as required by the statute involved (Tax Law, § 165-b). The plaintiff also alleges that prior to the commencement of this action he tendered payment of all tax arrears and payment was refused.

The defendant City of White Plains admits that the date of redemption was only forty-seven days from the date of the first publication of the notice to redeem. It sets up a separate defense to the effect that as the result of the in rem proceeding it became the owner in fee of the premises on November 6, 1946. Certain individuals who were the prospective purchasers of the lots, under a contract with the city, were made defendants but they failed to appear or answer.

As I view the primary legal question here involved, it is this: Is the judgment in the in rem proceeding a nullity insofar as it affects the owner of the property who failed to appear or answer in the in rem proceeding? It has been held that such a defense is good when raised by answer in the in rem proceeding (*City of New Rochelle* v. *Stevens,* 271 App. Div. 977). The precise question raised here does not seem to have been decided. It has been repeatedly held that where the sale is by an administrative body the statute must be strictly followed (*Olds* v. *City of Jamestown,* 280 N. Y. 281). The pertinent sections of the Tax Law give, to any person having any right, title or interest in property described in such filed list of delinquent taxes, the right to redeem the property before the redemption date named in the notice of foreclosure or to serve an answer within twenty days thereafter (Tax Law, §§ 165, 165-a, 165-b). It is no answer to the owner's claim to urge that he might have appeared and raised the question in his answer. His time to answer never elapsed. He had twenty days after a valid notice to redeem had been published. That event never happened.

The bare recital of the jurisdictional facts in the record of any court is not conclusive but only prima facie evidence of the truth of the fact recited. Here the recital is disproved by the notice to redeem and the proof of publication which are included in the judgment roll. This action is equitable in its nature and equity will permit the plaintiff to show that the court lacked jurisdiction insofar as the owner of this particular parcel is concerned.

While not necessary to support the finding that the cloud upon the plaintiff's title arose out of the jurisdictionally defective foreclosure in rem, it also appears that prior to the completion of in rem proceeding the cause of action for the foreclosure of tax liens affecting plaintiff's property abated by extinguishment of the tax liens which were more than four years old at the commencement of the action. Such tax liens upon which the proceeding was based were extinguished by the defendant municipality's acceptance of their payment, hence no statutory basis existed for the continuance of the proceeding in the in rem foreclosure of tax liens which were less than four years old.

There is no authorization granted a municipality under title 3 of article 7-a of the Tax Law to foreclose by action in rem any tax lien which is less than four years old. The provisions of section 165-a of the Tax Law, that the list of delinquent taxes contain " A statement of the amount of each tax lien upon such

parcel including those which shall have been due and unpaid for less than four years '' merely fixes the aggregate amount for which the property may be redeemed prior to the expiration of the period mentioned in the notice. Where real property has not been redeemed the in rem foreclosure proceeds to judgment and sale not upon the delinquency of those tax liens that are less than four years old, but upon the essential statutory requisite of unpaid tax liens which have been delinquent for more than four years at the commencement of the proceeding.

The situation created by the acceptance of payment of the tax liens that are four years or more delinquent is analogous to one that would arise wherein a mortgagee would elect to deem the entire debt due for failure to pay interest installments, and after making such election but before service was completed he unconditionally accepted the past-due interest, such acceptance would constitute a waiver of his right to elect (*Lawson* v. *Barron*, 18 Hun 414). The plaintiff insists that as he tendered payment no interest or penalties should be allowed subsequent to such tender. This would be true if the tender had been kept good by payment into court. It was not.

Judgment will be granted to the plaintiff barring the defendants from all claims, estate or interest in the property described except the right of the defendant City of White Plains to collect unpaid taxes together with penalties and interest thereon. Costs will be allowed against the City of White Plains.

Submit judgment on notice.