CITY OF NEW YORK, Plaintiff, *v.* THOMAS LYNCH et al.,
Defendants.

Supreme Court, Special Term, Queens County, October 20, 1952.

*Edward A. Donnelly* for defendants.

*Denis M. Hurley, Corporation Counsel* (*Harry E. O'Donnell, Meyer Scheps* and *Bernard J. Levy* of counsel), for plaintiff.

PETTE, J. In this foreclosure of tax liens by an action in rem, the owners of one of the parcels move for an order directing the city collector to accept payment of taxes with interest and costs, or, in the alternative, permitting them to open their default and to file an answer.

The parcel involved is a plot 40 x 100 feet, improved with a one-family house and assessed by the city at $5,000. The owners claim the property to be worth at least $8,000 in today's market. They acquired the property by deed in 1939 and have resided at

the premises ever since. Until 1947, their taxes were paid by the bank which held the mortgage. Said mortgage was satisfied in 1947 and since then the owners have never received a tax bill. This, of course, was their own fault as they could have arranged to have the tax bills mailed to them. The owners concede that they were aware of their obligation to pay taxes and allege that they intended to do so, but due to their poor financial condition had let the taxes run intending to pay them with interest penalty later. The trouble is they never received any notice of this foreclosure action.

The procedure in foreclosure of tax liens by actions in rem is such that in some cases owners may receive only constructive notice by publication. If they fail to redeem or answer within the time specified in such published notice, their rights are forever barred and the title to the property vests in the City of New York. No sale is held and therefore no surplus moneys accrue. In such cases, it may happen as here that owners may lose a parcel of property valued at $8,000 for taxes and penalties amounting to only slightly over $600. In view of the stringency of this method, the city should be required to show strict compliance with the statutory requirements.

Section D17–5.0 of the Administrative Code of the City of New York requires the list of parcels which are being foreclosed to contain, with respect to each parcel " (a) A brief description sufficient to identify each parcel affected by such tax lien. A description by stating the lot, block and section or ward number, street and street number, if there be such, or other identification numbers of any parcel upon a tax map * * * shall be a sufficient description. An omission or error in the designation of a street or street number shall not affect the validity of any proceeding brought hereunder, either as to such parcel or any other parcels."

It is conceded by the city that the instant parcel was listed as tax lot 43 in block 4067 of ward 4. At the time this proceeding was commenced, the property was known as lot 43 in block 14197 of section 58. The city contends that this new designation was for use with respect to taxes levied after July 1, 1952. The owners, however, submit a New York City tax bill for the year 1951–52 which lists the property as lot 43 in block 14197 of section 58. It would not have been unreasonable for the city to have used both designations indicating how the property was formerly known as well as its present designation. Although the owners' name was listed on the tax records, the city concedes

that no notice was sent to them because they had failed to file an address with the city. Obviously the city knew the address from its own tax maps.

Under the circumstances, the city failed to obtain jurisdiction as to this particular parcel because of the erratic designation coupled with the lack of mailing of notice. The judgment heretofore entered is therefore not binding upon the owners of this particular parcel and the motion is granted to the extent of directing the city collector to accept payment of the taxes due, together with all interest penalties to the date of payment.

Settle order.