CITY OF NEW YORK, Appellant, v. THOMAS LYNCH et al., Respondents.— In an action in rem to foreclose a tax lien on real property owned by respondents, the City of New York appeals from an order (1) granting its motion for rehearing and reconsideration, on an additional affidavit and exhibits, of a motion theretofore made by respondents for an order directing the city collector to accept payment of taxes or, in the alternative, to open the respondents' default in making answer; (2) adhering to the determination made on said original motion, and denying the city's application to vacate the order determining the said original motion, which order is dated November 5, 1952; (3) vacating the judgment of foreclosure insofar as it affects respondents' property; and (4) directing the city collector to accept payment of unpaid taxes from the respondents. Order modified by striking out the second, third and fourth ordering paragraphs thereof and by substituting, in lieu thereof, a provision to the effect that the order of November 5, 1952, is vacated, and that the motion by respondents is denied in all respects. As so modified, the order is affirmed, with $10 costs and disbursements to appellant. Respondents, as owners of the subject property, were bound to keep themselves informed as to what was transpiring with reference to their property. (See *City of New Rochelle* v. *Echo Bay Waterfront Corp.*, 268 App. Div. 182, 186.) Despite the fact that the city had changed the designation for the property on its tax maps, from ward 4, block 4067, lot 43, to section 58, block 14197, lot 43, the listing of the property by the old designation in the list of delinquent taxes, together with the name " T. Lynch ", should have brought realization to the respondents that it was their property which was thus set forth. The fact that the city treasurer did not mail notice of foreclosure to the respondents is of no avail to them. The statute requires mailing of such notice " to the last known address " of the owner " as the same appears upon the records in

the office of the city treasurer ". (Administrative Code of City of New York, § D17-6.0.) It is undisputed that neither the names nor the address of the respondents appeared on the city treasurer's records. A recording of their names and address in that office could have been brought about by them under the provisions of sections D17-7.0 and D17-17.0 of the said Administrative Code. (*Matter of City of New York* [*Levy*], 278 App. Div. 1008.) The court was without power to open the default of respondents to answer or redeem. (*City of Peekskill* v. *Perry*, 272 App. Div. 940; *City of New York* v. *Jackson—140 Realty Corp.*, 279 App. Div. 668.) Nolan, P. J., Carswell, Wenzel, Schmidt and Beldock, JJ., concur. [203 Misc. 275.]