Lester Holtzman, J.
Motion by the defendant to dismiss the complaint for insufficiency.
This is an action by a property owner for a judgment setting aside an in rem foreclosure proceeding, reinstating a tax lien and directing the defendant the City of New York to proceed by a tax lien s'ale, or, in the alternative, directing the defendant to pay to the plaintiff, after sale of the real estate by public auction, any and all sums received over and above the amount of the taxes, interest, penalties, costs, disbursements and fees incurred in the sale.
On April 19, 1963, a judgment of foreclosure was rendered in an in rem tax proceeding pursuant to chapter 17 of title D of the Administrative Code of the City of New York. (Foreclosure by action in rem.) The plaintiff herein defaulted in appearing in that proceeding. The taxes due were approximately $4,000. The value of the property was at least $18,000. Had the defendant proceeded by means of a judgment of fore *1041 closure and sale, the plaintiff would have been entitled to the surplus moneys. Since defendant proceeded, however, by means of an in rem proceeding, the plaintiff is not entitled to the difference between the tax lien and the value of the property.
The complaint alleges, inter alla, that the defendant by arbitrarily proceeding under an in rem foreclosure instead of a tax lien sale, unjustly enriched itself and thereby has taken the plaintiff’s property without due process of law in violation of her constitutional rights. The constitutionality of an in rem foreclosure proceeding vis-a-vis a foreclosure and sale has been sustained by the Supreme Court of the United States. (Nelson v. New York City, 352 U. S. 103.) Accordingly, the complaint fails to state a cause of action for a judgment directing the defendant to proceed by a tax lien sale or directing the defendant to pay to the plaintiff the excess sums realized by it on the sale at auction of the property. It would appear that plaintiff’s remedy with respect to such relief is a motion to open her default in the in rem proceeding, and if such relief is granted to request an order directing a sale of the property. (Cf. City of New York v. Chapman Docks Co., 1 A D 2d 895, mot. for rearg. den. 1 A D 2d 972.)
Nevertheless, the court is of the opinion that the complaint does state a good cause of action for the setting aside of the judgment in the in rem proceeding on jurisdictional grounds. In paragraph 10, the plaintiff pleads that the defendant failed to give the plaintiff u personal notice of the proceedings in the In Rem foreclosure in that all notices served were by publication and by general notice included with 34 other parcels in the same proceeding wherein the specific property belonging to the plaintiff was not even specifically described.” (Emphasis supplied.) (Cf. Hogg v. Allen, 196 Misc. 265.) Although it was not necessary for the defendant to give the plaintiff personal notice of the proceedings, it was necessary that the list of parcels affected by unpaid tax liens contain “ (a) A brief description sufficient to identify each parcel affected by such tax lien. A description by stating the lot, block and section or ward number, street and street number, if there be such, or other identification numbers of any parcel upon a tax map, or a lot number or other identification number of any tract, the map of which is filed in the county clerk’s or register’s office, shall be a sufficient description. An omission or error in the designation of a street or street number shall not affect the validity of any proceeding brought hereunder, either as to such parcel or any other parcels.” (Administrative Code, § D17-5.0, subd. 3, par. [a],)
*1042 The aforesaid allegation that the defendant failed to specifically describe the property would appear broad enough to support a charge that the defendant failed to give a description of the plaintiff’s parcel sufficient to meet the requirements of the quoted section of the Administrative Code. If the defendant did, in fact, fail to comply with the said section, then the foreclosure was a nullity and ineffective to divest the plaintiff of her title. (Cf. City of New York v. Lynch, 281 App. Div. 1038, affd. 306 N. Y. 809.)
The motion is denied. In view of all the circumstances in this case an early trial is in order.