William J. Crangle, J.
The owner of real property, National Commercial Bank and Trust Company, moves for judgment directing the City of Amsterdam to issue a certificate of redemption for property listed by it in its 1965 foreclosure of tax liens proceeding. The parties agree that there are no defects in the proceeding itself as to conformance with the requirements of the statute (Real Property Tax Law, art. 11, tit. 3) which provides for an in rem proceeding to foreclose tax liens against properties upon which taxes have become due and unpaid for a period of four years.
It is also uncontested that the proceeding was commenced on February 15,1965, that the last day for redemption of properties under the notice published by the city was April 8, 1965, that on March 30, 1965 the owner tendered the tax due for 1961 which was the only tax which had remained unpaid for a period of four years after becoming a lien, and that on March 31, 1965 the city rejected said tender unless it be accompanied by payment of the taxes due for the three intervening years to date.
The statute in question states in substance that an owner may redeem his property from the foreclosure proceeding and prevent perfection of title in the city by payment of all of the taxes then a lien including those which shall have been due and unpaid for less than four years. Since this is a statutory proceeding, the provisions of the statute even as to redemption must be complied with.
Had the city accepted the tender of the amount of the 1961 taxes, it could not then perfect its title in this proceeding. (Hogg v. Allen, 196 Misc. 265.) It did not, however, accept tender but elected to hold the owner to its statutory right of redemption in the pending proceeding.
The owner further claims that the Amsterdam City Charter provides the proper procedure for the conduct of tax sales and that under the procedure therein provided this owner’s right of redemption in respect to taxes less than four years old could not be cut off by the summary procedure of article 11 of the Real Property Tax Law.
The difficulty with this is the plain meaning and effect of subdivision 3 of section 1104 of the Real Property Tax Law which provides that, whenever a tax district .shall have adopted *127 both titles 2 and 3 of article 11, the provisions of such titles shall supersede the provisions of all general, special or local laws relating to the foreclosure of tax liens by such tax district. The City of Amsterdam adopted both titles 2 and 3 of article VII-A of the Tax Law (now art. 11 of the Real Property Tax Law) on May 7, 1940. The city may not now in a situation such as this, therefore, issue a certificate of redemption except in conformance with article 11 and upon payment of all tax liens affecting the property, including those which have been unpaid for less than four years.
This is true even though the city bid in the property at the annual tax sale in 1962, upon the nonpayment of the 1961 taxes, and even though the owner’s property was not included in any annual tax sale thereafter. Subdivision 3 of section 1160 of the Real Property Tax Law excepts from the annual tax sale parcels on which the city itself is the owner of the tax lien. The city thus automatically becomes the owner of each subsequent tax lien. It is not necessary to decide whether the city’s purchase of the property at the 1962 tax sale constitutes a payment and discharge of the 1961 taxes. Such tax lien remains sufficient basis for the summary foreclosure procedure by specific statutory provision, section 1120 of the Real Property Tax Law.
Judgment for the City of Amsterdam.