**WILLOW CREEK LUMBER CO., INC.,**
**Plaintiff-Counterdefendant-Appellant,**

**and**

**T. T. & A., Inc.,**
**Plaintiff-Counterdefendant,**

**v.**

**PORTER COUNTY PLUMBING & HEATING, INC., and AAA Electric, Inc., Defendants-Appellants,**

**and**

**United States of America, Third-Party Defendant-Appellee.**

**Nos. 77–1536, 77–1537.**

United States Court of Appeals, Seventh Circuit.

Argued Nov. 28, 1977.

Decided March 16, 1978.

Rehearing In Banc Denied April 20, 1978.

Edward J. Hussey, Gary, Ind., Ronald P. Nelson, Valparaiso, Ind., for appellant.

Michael F. Hertz, Atty., Appellate Section, Civ. Div., Dept. of Justice, Washington, D. C., David T. Ready, U. S. Atty., South Bend, Ind., Andrew B. Baker, Jr., Asst. U. S. Atty., Hammond, Ind., for appellee.

Before TONE and BAUER, Circuit Judges, and CAMPBELL, Senior District Judge.*

TONE, Circuit Judge.

This is an appeal under 28 U.S.C. § 1292(b) by holders of mechanics' liens on property that is also subject to the lien of a mortgage held by the United States as assignee. The issue is whether the federal lien is entitled to priority, as the District Court held. We hold that it is and therefore affirm.

Commencing in March 1972 and continuing until February 1974, the mechanic's lien holders supplied labor and material used in constructing a housing project in Portage, Indiana. On April 1, 1972, Gary National Bank, as trustee-owner, executed a mortgage on the property to Dovenmuehle, Inc.; and HUD insured the mortgage by entering into a HUD Regulatory Agreement, pursuant to its authority under § 236 of the National Housing Act, 12 U.S.C. § 1715Z–1(j), with the mortgagor and the mortgagee. The regulatory agreement allowed the mortgagee to assign the mortgage to HUD in the event of default. The mortgage and the regulatory agreement were recorded on April 24, 1972. In October 1974, the mortgage was assigned to HUD. The assignment was recorded January 2,

---

* The Honorable William J. Campbell, Senior District Judge of the United States District Court for the Northern District of Illinois, is sitting by designation.

1975. Although the precise date of the first default by the mortgagor is not clear from the record, the mortgage was clearly in default by the time the mechanic's lien holders sued to enforce their liens.

They commenced this action for that purpose in the state court, naming HUD among the defendants. HUD removed the case to the federal district court and counterclaimed to foreclose the mortgage. That court entered a partial summary judgment determining that the lien of the United States under the mortgage was entitled to priority over the mechanics' liens.

■■■■ The federal common law rule governing priority of federal liens is that "the first in time is the first in right." See *Chicago Title Ins. Co. v. Sherred Village Associates*, 568 F.2d 217, 219, No. 77–1157 (1st Cir. 1978). For the nonfederal lien to have arisen "first in time," it must have been "choate" before the federal lien arose, which means that "the identity of the lienor, the property subject to the lien, and the amount of the lien [are] established." *Id.* at 220; see also *United States v. Vermont*, 377 U.S. 351, 358–359, 84 S.Ct. 1267, 12 L.Ed.2d 370 (1964). The requirement that the amount of the lien must be established[1] means, in the context of this case, that the mechanics' liens must be reduced to judgment to become choate. *United States v. White Bear Brewing Co.*, 350 U.S. 1010, 76 S.Ct. 646, 100 L.Ed. 871 (1956), *rev'd* 227 F.2d 359 (7th Cir. 1955); see *Chicago Title Ins. Co. v. Sherred Village Associates, supra*, 220. These liens were not reduced to judgment on January 2, 1975, the date when the assignment of the mortgage to the United States was recorded. Accordingly, if the federal priority rule applies,

the lien of the mortgage is entitled to priority, and the judgment must be affirmed.

■■■■ All of the decisions of the Supreme Court applying the federal priority rule, with its choateness requirement, have been federal tax lien cases. See *Chicago Title Ins. Co. v. Sherred Village Associates, supra*, 220. That rule was applied to uphold the priority of non-tax federal liens, however, by several courts of appeals, including this one, *United States v. County of Iowa*, 295 F.2d 257 (7th Cir. 1961), in cases decided before the Tax Lien Act of 1966, which amends the lien provisions of the Internal Revenue Code to give an improved priority position to several categories of liens based on state law, including certain mechanic's liens, as against federal tax liens. 26 U.S.C. § 6323(a) and (h)(2).[2] *Chicago Title Ins. Co. v. Sherred Village Associates, supra*, at 220 n.4. That Act did not purport to affect the priority of federal liens other than tax liens. *T. H. Rogers Lumber Co. v. Apel*, 468 F.2d 14, 18 (10th Cir. 1972).[3] Nevertheless, it has had an influence upon the decisions of two of the circuits to reject the traditional federal priority rule in non-tax contexts. *United States v. Crittenden*, 563 F.2d 678, 689 (5th Cir. 1977); *Kimbell Foods, Inc. v. Republic National Bank of Dallas*, 557 F.2d 491, 498–504 (5th Cir. 1977); *Connecticut Mutual Life Insurance Co. v. Carter*, 446 F.2d 136, 138–139 (5th Cir.), *cert. denied*, 404 U.S. 857, 92 S.Ct. 104, 30 L.Ed.2d 98 (1971); *Ault v. Harris*, 317 F.Supp. 373 (D.Alaska 1968), *aff'd by per curiam order sub nom. Ault v. United States*, 432 F.2d 441 (9th Cir. 1970). The First, Second, Fourth, and Tenth Circuits, however, have continued to apply the traditional rule with

---

1. The amount-established requirement was defined in *In re Lehigh Valley Mills, Inc.*, 341 F.2d 398, 401 (3d Cir. 1965) as

   only met if there is no further opportunity for judicially contesting the amount of the lien. Thus, the lienor must either have obtained judgment on the lien or it must be enforceable against the property by summary proceeding.

2. The background and effect of the 1966 Act are summarized in *Chicago Title Ins. Co. v. Sherred Village Associates*, 568 F.2d 217, No.

77–1157 (1st Cir. 1978), 220. See generally, Plumb, *Federal Liens and Priorities—Agenda for the Next Decade*, 77 Yale L.J. 228 (1967).

3. The Act resulted from the work of a Special Committee on Federal Liens of the American Bar Association. Although that committee considered proposing legislation that would have affected all federal liens, its recommendation was limited to federal tax liens, "leaving to another day the extension of the reforms to other areas." Plumb, *supra*, note 2, at 285.

its choateness requirement. *Chicago Title Ins. Co. v. Sherred Village Associates, supra* at 220; *United States v. General Douglas MacArthur Senior Village, Inc.,* 470 F.2d 675, 678–679 (2d Cir. 1972); *H. B. Agsten & Sons, Inc. v. Huntington Trust & Savings Bank,* 388 F.2d 156, 160 (4th Cir. 1967), *cert. denied,* 390 U.S. 1025, 88 S.Ct. 1413, 20 L.Ed.2d 282 (1968); *T. H. Rogers Lumber Co. v. Apel, supra,* 468 F.2d at 17–20.

Counsel for the mechanic's lien holders urge us to adopt state law "as the applicable federal law."[4] Although their arguments are not without some merit, we are persuaded that the federal common law rule adhered to by a majority of the circuits should be applied. The identical issue was recently decided by the First Circuit in *Chicago Title Ins. Co. v. Sherred Village Associates, supra.* In that opinion Judge Coffin describes the development of the federal common law rule, discusses the reasons supporting the conflicting holdings in non-tax lien cases of the Second, Fourth, and Tenth Circuits, on the one hand, and the Fifth and Ninth Circuits, on the other, and explains why the First Circuit is following the former. We agree with the reasoning of that opinion and can add nothing of significance to what is said there. We adopt the First Circuit's reasoning as our own and therefore affirm the judgment of the District Court on the ground that the mechanics' liens did not become choate before the federal lien arose.

Affirmed.

---

**4.** This rationale is necessary because "federal law is determinative where the question involved is the priority to be accorded to a lien of the federal government whatever its source." *United States v. Oswald and Hess Co.,* 345 F.2d 886, 887 (3d Cir. 1965).