NEW YORK LIFE INSURANCE COMPANY, a New York Corporation, Plaintiff,

v.

CENTRAL NATIONAL BANK IN CHICAGO as Trustee under Trust Agreement dated April 15, 1969 and known as Trust Number 15861, Mannheim Furniture & Appliances, Inc., an Illinois Corporation, and Small Business Administration, a nonincorporated agency of the United States of America, Defendants.

No. 77 C 1917.

United States District Court, N. D. Illinois, E. D.

May 22, 1978.

Kenneth H. Hoch, Edwin A. Rothschild, Sonnenschein, Carlin, Nath & Rosenthal, Chicago, Ill., for plaintiff.

Martin C. Ashman, Chicago, Ill., for defendants Central National Bank and Mannheim Furniture & Appliances, Inc.

Narda J. Cisco, Asst. U. S. Atty., Chicago, Ill., for defendant Small Business Administration.

## MEMORANDUM AND ORDER

ROBSON, Senior District Judge.

This cause is before the court on the motion of defendant United States of America [hereinafter the government] to give its lien priority over plaintiff New York Life Insurance Company's attorney's fees in the entry of a summary decree of foreclosure. For the reasons hereinafter stated, the government's motion is granted.

Plaintiff filed a complaint alleging that it held a mortgage by an assignment of the mortgage and note on November 13, 1969, recorded by it on November 14, 1969. Plaintiff sought the entry of a decree of foreclosure on its mortgage, as well as attorney's fees and costs. The government answered that its claim to the property was not subordinate to that of the plaintiff. The government's alleged interest was by way of a collateral assignment of the entire beneficial interest of the property by defendant Mannheim Furniture and Appliances, Inc. to defendant Central National Bank of Chicago under a trust agreement of April 15, 1969. The collateral assignment was assigned to the Small Business Administration together with a note. A financing statement was filed with the Illinois Secretary of State on December 30, 1970. The government also claimed an assignment of rents under the above trust agreement on August 21, 1975, that was assigned to and recorded by the Small Business Administration on January 13, 1975. The government sought foreclosure of its own interest.

On January 9, 1978, plaintiff filed a motion for a summary decree of foreclosure of "amounts secured by the first mortgage." On January 16, 1978, this court granted plaintiff's motion for a summary decree of foreclosure of its mortgage and directed plaintiff to prepare a draft decree of foreclosure and sale. After plaintiff submitted a draft decree of foreclosure for inspection by the parties, the government objected to the ranking of plaintiff's attorney's fees ahead of its lien interests.

This court ordered the plaintiff and the government to submit briefs on the priority issue. The government has filed a memorandum in support of its priority and a memorandum replying to plaintiff's answering memorandum. Plaintiff has filed an answering memorandum and a memorandum, at the court's request, directed to the Seventh Circuit decision in *Willow Creek Lumber Co. v. Porter County Plumbing & Heating, Inc.*, 572 F.2d 588 (7th Cir., 1978) [hereinafter *Willow Creek*].

 In the Seventh Circuit, the priority of federal nonstatutory liens is to be determined by federal common law rather than state law. *Willow Creek, supra* at 590. The federal common law rule governing the priority of federal liens is that " 'the first in time is the first in right'." For a nonfederal lien to be "first in time," it must have been "choate" before the federal lien arose. A lien is not choate unless the identity of the lienor, the property subject to the lien, and the amount of the lien are established. *Id.* at 589. The amount established requirement is met only if there is no further opportunity for judicially contesting the amount of the lien, so that the lienor must either have obtained judgment on the lien or the lien must be enforceable against the property by summary proceedings. *Id.* at 590 n.1; *In re Lehigh Valley Mills, Inc.*, 341 F.2d 398, 401 (3d Cir. 1965). When the determination of attorney's fees is not yet reduced to judgment, a federal lien filed prior to the judgment takes priority over the attorney's fees. *United States v. Equitable Life Assurance Society*, 384 U.S. 323, 328, 86 S.Ct. 1561, 16 L.Ed.2d 593 (1966);

*United States v. Pioneer American Insurance Co.*, 374 U.S. 84, 87–88, 83 S.Ct. 1651, 10 L.Ed.2d 770 (1963).

In the case at bar, the identity of the lienor and the property subject to the lien are known. Nonetheless, the amount of the attorney's fees has not been finally fixed in amount by a judgment. Accordingly, if the government has a lien interest in the subject real estate, its lien has priority over plaintiff's attorney's fees.

 Plaintiff argues that the government has only a personal property interest that does not give it priority over the attorney's fees, especially because provision was made in its first mortgage for attorney's fees. Although plaintiff's first mortgage provides for the award of attorney's fees upon foreclosure, the amount of the attorney's fees has not been fixed by a judgment so that an earlier lien has priority. The defendant Small Business Administration, as assignee of the beneficial interest to the land trust and as assignee of the rents under the trust agreement, has recorded its interest in the subject property and has a sufficient interest in the real estate to constitute a lien.

 Plaintiff further argues that even if the government has a prior recorded lien, it has waived its rights by not filing a counterclaim, a crossclaim, or an objection to the entry of its motion for a summary decree of foreclosure of "amounts secured by the first mortgage." In the government's answer to plaintiff's complaint it did state its lien interest and denied that it had a subordinate interest to the plaintiff in the subject property. Subsequently, the government had no objection to the entry of a summary decree of foreclosure. Nonetheless, the summary decree granted judgment for the amounts secured by the first mortgage, enumerating that attorney's expenses had been incurred but not explicitly stating that the attorney's fees were secured by the first mortgage. The government properly objected to the ranking of attorney's fees ahead of its lien interest when it was explicitly raised by the draft decree of foreclosure. Because the lien for attorney's

**40**

fees is not choate, the government's lien interest has priority.*

For the reasons stated, it is therefore ordered that the government's motion for priority of its lien over plaintiff's attorney's fees shall be, and the same is hereby, granted. The parties are directed to prepare a summary decree of foreclosure and sale incorporating the decision in this memorandum and order.

---

* No strong policy reason favors the government over the claim for attorney's fees. This is especially so because the government in mortgage lending and insuring may choose its debtors and set its terms. Nonetheless, this court cannot change the choateness rule. Recourse to Congress is the proper procedure to follow in changing the choateness rule of the federal common law. *Chicago Title Insurance Co. v. Sherred Village Associates,* 568 F.2d 217, 221 (1st Cir. 1978). This was done in the context of tax liens by Congress in giving attorney's fees priority over federal tax liens through the Federal Tax Lien Act of 1966, 26 U.S.C. § 6323(b)(8).