OPINION OF THE COURT
Hortense W. Gabel, J.
Motions Nos. 23 and 24, both of April 10, 1980, are consolidated for disposition.
Plaintiff W. S. 23 Realty Corporation, is lessee of premises 23 William Street, New York,: New York, pursuant. to a lease agreement with the defendant, Sutton Associates, entered into on August 16,1976.*
The City claims title to the leased premises by virtue of a judgment, entered on May 29, 1978, in rem foreclosure Action No. 29 in the Supreme Court of the State of New York, County of New York (Index No. 46001/77), which foreclosed certain tax liens against the premises for 1974/ 1975 — 1977/1978 tax years and which awarded title and *272 possession of the premises and the remaining portions of Lot 35 of block 25 to the City. Plaintiff was not given written notice of the foreclosure action or any right of redemption to such property.
After vesting the title, three entities, including defendant Never Realty Corporation, which was the owner of record of 23 William Street at the time of the judgment, applied for mandatory release or redemption under subdivision f of section D 17-25.0 of the Administrative Code of the City of New York. After these applications were denied for failure to pay the tax arrears, the owners filed for a discretionary release under subdivision g of section D17-25.0 of the Administrative Code, but the Board of Estimate denied the applications on August 16,1979 and its denial was sustained by this court in a CPLR article 78 proceeding entitled Stratford Place Corp. v Board of Estimate (Index No. 18294/ 79). An appeal therefrom has been taken, but not yet perfected.
During this entire period of time, the plaintiff and/or its affiliates operated a business (a restaurant known as Me-Ann’s) in the leased premises and have expended substantial sums of money in the development thereof).
In February, 1979, a representative of the City visited the premises and advised plaintiff that the City was now its landlord and made a demand that the plaintiff should thereafter make its rental payments, in the amounts provided in the lease, to the City. The plaintiff attorned to the City and has made payments of $3,000 per month to the City since that time.
On or about February 4, 1980, the plaintiff received a written notice from the City, Division of Real Property, notifying it that the City, as landlord, had elected to terminate the plaintiff’s tenancy and that unless plaintiff removed itself from the premises on February 29, 1980, summary proceedings would be commenced to remove the plaintiff.
Plaintiff then instituted an action in which it seeks a declaratory judgment that its 22-year lease, expiring on August 31, 1998, has not been terminated or abrogated by the City’s acquisition of title. Plaintiff moves (Motion No. 24) to enjoin the City from taking any steps, during the *273 pendency of the action, to cancel or terminate plaintiff’s lease or disturb plaintiff’s occupancy of the premises.
The City, in Motion No. 23, seeks a final judgment of eviction. In support thereof, the City has answered plaintiff’s complaint in the action for a declaratory judgment and has interposed various counterclaims which seek declaratory relief.
In a cross motion to plaintiff’s motion for an injunction, the City seeks summary judgment on its counterclaims insofar as they pertain to the recovery of the premises, summary judgment on its “petition” (Motion No. 23) and to dismiss the plaintiff’s complaint for failure to state a cause of action.
The City has obtained fee simple absolute of the subject premises pursuant to section D17-12.0 of the Administrative Code. The constitutionality of the City’s in rem tax foreclosure law has been long established (Nelson v New York City, 352 US 103; Sonmax, Inc. v City of New York, 43 NY2d 253).
Section D17-6.0 of the Administrative Code provides for notice by posting and publication only, upon all parties having an interest in real property with an exception for service by mail upon parties whose names appear on the tax rolls or who register with the city collector for receipt of tax bills or in rem notices. (Administrative Code, § D17-17.0.)
The plaintiff, not having registered as an interested party pursuant to the above section of the code, was not entitled to have tax bills or notice of the foreclosure action mailed to it.
Plaintiff’s lease is not a matter of public record, and the only way the city collector could find out about it would be a visit to the premises. Thus, in every case, inquiry of the exact nature of each and every tenant’s occupancy of each and every parcel in New York City would have to be made if actual notice were to be required. This would be an unwarranted burden on the City and would create chaos with in rem statutes. Thus, the in rem foreclosure statutes of the Administrative Code are constitutionally sufficient. (Nelson v City of New York, supra.)
*274 Plaintiff having been served by publication is bound by the judgment of foreclosure in the same manner as it would have been had it been served personally.
The plaintiff’s attornment to the City did not reinstate the plaintiff’s lease nor did the acceptance of the rent by the City constitute a recognition of the lease as being valid since that would be beyond the power of the Commissioner of Real Estate. Sections 67 and 384 of the New York City Charter empower only the Board of Estimate to make long-term leases. Accordingly, the plaintiff is a month-to-month tenant and subject to termination on 30-day notice.
Thus, the plaintiff has failed to sustain its burden of showing a likelihood of success in its action to warrant the granting of a preliminary injunction and plaintiff’s motion is denied.
The court having reached the conclusion that the City has obtained title to the subject premises and that the plaintiff is a month-to-month tenant, grants the City’s cross motion for summary judgment to the extent of declaring that the plaintiff’s tenancy was lawfully terminated on February 29, 1980 pursuant to notice and that the City is entitled to possession of the subject premises, by virtue of its acquisition of title.
Having done so, the court also grants the City’s petition for possession.

 The premises were at one time a separate tax lot but were merged by the defendant City of New York (City) with one or more other tax lots and constitute portions of Lot 35 of block 25, Section 1, on the tax map of the City, Borough of Manhattan.