OPINION OF THE COURT
Charles R. Rubin, J.
Plaintiff sues to foreclose a mortgage on certain property located on Staten Island because of defaults in the payment of installments of interest by the mortgagor, Thirty-Six Closing Corp. The City of New York, as a party defendant, claims unencumbered title to the subject premises as the result of an in rem foreclosure which was instituted in 1975 for tax arrears. Plaintiff alleges that the City of New York’s claim of title is a nullity and therefore that such claim cannot defeat this action to foreclose the mortgage.
The genesis of this litigation is, succinctly, as follows.
On March 22, 1966, Franklin National Bank, by mesne assignments, became the owner and holder of a mortgage *288 covering certain vacant and unimproved land located at Richmond Avenue and Drumgoole Road on Staten Island, New York.
On or about October 8, 1974, the Comptroller of the Currency of the United States of America declared the Franklin National Bank insolvent and the Federal Deposit Insurance Corporation (FDIC), an agent of the United States Government, was appointed receiver pursuant to sections 191 and 1821 (subd [c]) of title 12 of the United States Code. The FDIC, as receiver, became the assignee of the defunct bank’s assets, including the subject mortgage.
On October 28,1975, an in rem proceeding in Richmond County was commenced by the City of New York. This proceeding included the mortgaged property because of nonpayment of taxes since January, 1971. The in rem foreclosure resulted in the ultimate vesting of title in the City of New York as evidenced by a deed dated January 11, 1977 and recorded January 19, 1977 in Liber 2185, page 424, in the office of the County Clerk of Richmond County.
Evidently unaware of the in rem proceeding and the vesting of title in the City of New York, the FDIC, as receiver, assigned the mortgage to the present plaintiff in November, 1979. On December 1, 1979, plaintiff, as mortgagee, entered into an extension agreement with Thirty-Six Closing Corp., the purported owner of the mortgaged premises. Pursuant to this extension agreement, the maturity date of the mortgage was extended to December 1,1981 with monthly payments of interest to be made from January 1, 1980 until December 1, 1981 when the entire unpaid balance of interest and principal was to become due. The said mortgagor defaulted and this foreclosure action was commenced on March 28, 1980.
The City of New York, which had been joined as a necessary party defendant, failed to answer and defaulted in this action. After the case had been set down for inquest on notice to the defendant City of New York, the city moved to open its default. By an order dated May 26,1981, this court opened the city’s default and stated that the proposed verified answer (a copy of which was annexed to the city’s moving papers) shall be regarded as the city’s *289 responsive pleading to the complaint. This court further stated that the papers submitted by the plaintiff and the defendant City of New York would be treated as motions for summary judgment.
In essence, plaintiff claims that the city’s in rem proceeding was fatally defective because of two alleged procedural errors: (1) no notice of the in rem foreclosure was mailed to the FDIC which, as receiver for the Franklin National Bank, held the mortgage for the subject premises; and (2) the city made an error in recording the in rem deed in the block-lot index to deeds maintained in the office of the County Clerk of Richmond County. Plaintiff also asserts that the mortgage lien held by the FDIC could not be extinguished by the city’s in rem foreclosure because the Federal lien allegedly had priority over the municipal lien.
At the outset, it would appear doubtful that plaintiff has standing to assert failure by the city to serve notice on the FDIC (cf. Matter of City of New York [Manhattan], 102 Misc 2d 801).
Plaintiff received assignment of the mortgage from the FDIC in November, 1979. This was four years after the commencement of the tax foreclosure by the city and nearly three years after the ultimate vesting of title in the city. Plaintiff had no interest in the subject property until the assignment in 1979 and plaintiff was therefore not involved in the in rem foreclosure proceedings.
As the successor-in-interest, mortgage-wise, to FDIC, plaintiff is in privity with the FDIC. Any judgment determining the rights of the FDIC in regard to the subject mortgage must be binding upon the plaintiff as assignee, provided that the privity arose after such judgment (Gramatan Home Investors Corp. v Lopez, 46 NY2d 481).
Subdivision b of section D17-12.0 of the Administrative Code of the City of New York provides that upon final judgment in an in rem tax foreclosure proceeding, the city shall be seized of an estate in fee simple absolute which shall bar and foreclose any right, title, interest, claim or equity of redemption which any person may have had in the subject premises. An exception to this provision exists pursuant to section D17-25.0 of the Administrative Code *290 whereby an interested party may make application to the city for release of property acquired by an in rem tax foreclosure. However, any such application must be made within two years from the date that the foreclosure deed is recorded. In the instant case, the city’s deed was recorded on January 19, 1977 and the mortgage lien held by the FDIC was therefore conclusively foreclosed under section D17-12.0 two years later in January, 1979. The present plaintiff received assignment of the mortgage in November, 1979. This assignment was not only subsequent to the commencement of the in rem foreclosure action (Gramatan Home Investors Corp. v Lopez, supra), but it was also 10 months after the city became conclusively vested with unencumbered title.
This statutory presumption of conclusivity two years after recording of the deed extends not only to the preclusion of any liens on the property but also to the legal regularity of all proceedings relating to the tax foreclosure (Administrative Code, §D17-12.0, subd c).
The Court of Appeals has termed this two-year provision as being in the nature of a Statute of Limitations. Although it would be unconstitutional for a statute to make legal a deed which was theretofore absolutely void because of jurisdictional defects, a Statute of Limitations may legally be enacted to prevent the assertion of a right to question the validity of a tax title to vacant and unoccupied lands because of jurisdictional defects in the proceedings leading thereto (Dunkum v Maceck Bldg. Corp., 256 NY 275). The only qualification is that a reasonable period of time be allowed for the assertion of such right before the statute becomes operable. The Court of Appeals has held that two years is a reasonable period of time (Dunkum v Maceck Bldg. Corp., supra).
Many cases have held that a jurisdictional defect or other error may void a tax foreclosure proceeding when the action is brought within two years of vesting of the deed (e.g., Oclassen v City of New York, 42 Misc 2d 1040; Matter of List of Delinquent Taxes, Section 17, Richmond County, 136 NYS2d 6; Matter of List of Delinquent Taxes, Borough of Brooklyn, 133 NYS2d 659, affd sub nom. City of New York v De Palma, 1 AD2d 1021). Once the Statute of *291 Limitations has run, however, the only irregularity that can void the proceedings is if there were no taxes owing at the time of the foreclosure. In such a case, the foreclosure is a nullity because of the nonexistence of the very predicate for bringing the proceeding (Cameron Estates v Deering, 308 NY 24). In the instant case, there is no allegation to rebut the presumption that taxes were indeed owing to the city since January, 1971.
This court will nonetheless consider this case on the merits because plaintiff claims that the city’s tax foreclosure procedures effected a deprivation of procedural due process and thus unconstitutionally wiped out the FDIC mortgage lien which allegedly had priority over the municipal tax lien. If valid, such constitutional arguments could void the foreclosure proceeding regardless of the Statute of Limitations (cf. Covey v Town of Somers, 351 US 141).
NOTICE TO THE FDIC
The constitutionality of the city’s in rem tax foreclosure law (Administrative Code, ch 17, tit D) has long been established (Nelson v New York City, 352 US 103). In a tax foreclosure proceeding, the city is required to give notice by publication (Administrative Code, § D17-6.0, subd a) and mail a copy of the foreclosure notice “to all owners, mortgagees, lienors or encumbrancers, who may be entitled to receive such notice by virtue of any owner’s registration or in rem card filed in the office of the city collector pursuant to sections D17-16.0 or D17-17.0 of this title.” (Administrative Code, § D17-6.0, subd c.) These notice requirements are in conformity with constitutional due process. (Nelson v New York City, supra; see, also, Schroeder v City of New York, 371 US 208; Botens v Aronauer, 32 NY2d 243.)
It is not disputed that in the tax foreclosure proceedings the city gave proper notice by publication and proper mailed notice to the owner and any other parties who had registered their interests in the property with the office of the city collector.
The FDIC failed to register with the city pursuant to section D17-17.0 although it was the holder of a mortgage lien on the subject property as a result of being appointed receiver for the Franklin National Bank. Because of this *292 failure to register its interest in the property, the FDIC was clearly not entitled to have tax bills or notice of foreclosure action mailed to it (City of New York v Lynch, 281 App Div 1038; W.S. 23 Realty Corp. v City of New York, 106 Misc 2d 271).
To hold otherwise would not only be in contravention of the statutory provisions, but it would also place a wholly unreasonable and impractical burden upon the city to give written notice of a tax foreclosure to interested persons who are unknown and unidentified to the city’s finance administrator.
ERROR IN RECORDING THE IN REM DEED
It appears that the designation of the subject property in the index to deeds maintained in the office of the Richmond County Clerk was changed on January 1, 1976. Prior to that date, the premises were known as being in “Block 5599W”. On January 1,1976, “Block 5599W” was redesignated and divided into various sub-blocks such as 5599U, 5599V, 5599X, etc. As a result of this redesignation and division, the subject premises became known as being in “sub-block 5599X”.
The city’s tax foreclosure deed was recorded in the index to deeds on January 17, 1977. Instead of recording this deed under “sub-block 5599X”, the then current designation of the subject parcel, the city states that the deed was inadvertently listed under “block 5599W”, the old designation of the property in question.
Constitutional due process requirements are violated when property involved in tax foreclosure proceedings is so erroneously described that it cannot reasonably be identified (Kiamesha Dev. Corp. v Guild Props., 4 NY2d 378; see, also, Hall v La Rose, 53 NY2d 637). The test is whether a “diligent” party “anxious, in good faith, to identify his land, could be misled by the * * * [erroneous] description.” (McCoun v Pierpont, 232 NY 66, 70.)
The recording of the deed under the old block designation should have brought realization to any interested party that the subject premises could be involved and affected (City of New York v Lynch, supra). This court is of the opinion that the city’s error in recording the tax fore *293 closure deed was not of such a magnitude as to mislead a person making a diligent title search. The city, therefore, did not violate due process requirements.
Having concluded that the city’s tax foreclosure statute is constitutional and that the city complied therewith, the remaining issue is whether the FDIC mortgage lien had priority over the city’s tax lien.
PRIORITY OF LIENS
It is plaintiff’s contention that the mortgage lien held by the FDIC, and subsequently assigned to plaintiff, could not have been extinguished by the city’s tax foreclosure proceeding because the Federal lien allegedly takes precedence over the municipal tax lien.
The receiver of a national bank takes title to the assets subject to all existing rights and equities (Peoples-Ticonic Nat. Bank v Stewart, 86 F2d 359). The receiver takes no greater rights in the property than the insolvent bank itself possessed. In the absence of a statute to the contrary, the receiver takes the assets of the bank subject to all claims and defenses that might have been interposed as against the insolvent corporation before the lien of the Federal agency attached (Williams v Green, 23 F2d 796). These holdings comport with the general Federal rule governing the priority of liens, i.e., “first in time * * * first in right” (see New York Life Ins. Co. v Central Nat. Bank in Chicago, 453 F Supp 37, 39).
Until the mortgage lien was assigned to the FDIC pursuant to the receivership proceedings, there was no debt due to the FDIC as agent of the United States, and therefore no lien which the United States could assert against the property (City of New York v United States, 414 F Supp 90).
The City of New York began the subject in rem foreclosure on October 28, 1975. Section D17-4.0 of the Administrative Code at that time, prior to amendment in 1976 by Local Law No. 45-76 provided that the city could commence a summary tax foreclosure proceeding whenever a tax lien had been due and unpaid for a period of at least three years.
The City of New York could have instituted a summary foreclosure proceeding against the property while the *294 mortgage was held by the Franklin National Bank. Assignment of the mortgage to the FDIC in October, 1974 was subject to the city’s existing power of summary foreclosure for the tax arrears dating from January, 1971. The fact that the city did not in fact begin the in rem foreclosure proceeding until after the FDIC acquired the mortgage lien is of no consequence (see City of New York v United States, supra).
In sum, the city’s in rem tax proceeding fully complied with statutory and constitutional requirements. The right to foreclose vested before the FDIC held the mortgage lien and thus the tax foreclosure could nullify that lien. The assignment from the FDIC to the present plaintiff therefore conveyed nothing more than a nonexistent mortgage.
Accordingly, summary judgment is granted to the defendant City of New York, dismissing the complaint.